VT SUPERIOR COURT
WASHINGTON UNIT

STATE OF VERMONT

SUPERIOR COURT
WASHINGTON UNIT

2014 MAY 15  A 11: 1

CIVIL DIVISION
Docket No. 305-5-14 Wncv

FILED

)
)
ADAM HUBACZ,                                  )
)
*Plaintiff,*                       )
v.                                  )
)
THE VILLAGE OF WATERBURY,                     )
VERMONT,                                      )
)
*Defendant.*                     )
_____)

RECEIVED
BURLINGTON, VT

JUL - 2 2014
2:14-cv-134
CLERK'S OFFICE
U.S. DISTRICT COURT

## COMPLAINT

Plaintiff Adam Hubacz, by and through his attorneys, Burak Anderson & Melloni, PLC, for his Complaint against Defendant the Village of Waterbury, Vermont, hereby states as follows:

## JURISDICTION AND VENUE

1.     This is an action pursuant to Chapter 5, Subchapter 2 of Title 21 of the Vermont Statutes Annotated, 21 V.S.A. §§ 341 et seq., as well as the Vermont Declaratory Judgments Act, 12 V.S.A. §§ 4711 et seq.

2.     Venue is proper in this Court pursuant to 12 V.S.A. § 402(a) because Defendant the Village of Waterbury, Vermont is located in Washington County.

## INTRODUCTION

3.     Plaintiff Adam Hubacz ("Officer Hubacz" or "Plaintiff") seeks relief pursuant to Chapter 5, Subchapter 2 of Title 21 of the Vermont Statutes Annotated, 21 V.S.A. §§ 341 et seq., against his employer, Defendant the Village of Waterbury, Vermont (the "Village of Waterbury," the "Village" or "Defendant") for unpaid wages and benefits.

BURAK ANDERSON
&
MELLONI PLC
COUNSELLORS AT LAW
GATEWAY SQUARE
30 MAIN STREET
POST OFFICE BOX 787
BURLINGTON, VERMONT
05402-0787
802 862-0500

4.     In addition, Officer Hubacz seeks a declaratory judgment and/or a permanent injunction pursuant to the Vermont Declaratory Judgments Act, 12 V.S.A. §§ 4711 et seq., ordering his immediate reinstatement as a fulltime Police Officer of the Village of Waterbury Police Department ("WPD"), with all the wages and benefits to which he is entitled.

**THE PARTIES**

5.     Plaintiff Adam Hubacz is a citizen of Massachusetts residing in North Brookfield.

6.     Defendant is a Vermont municipality located in Washington County.

**FACTUAL BACKGROUND**

7.     Officer Hubacz started working for the WPD on February 1, 2009.

8.     His starting pay was $16.15 per hour, plus benefits.

9.     A copy of the January 27, 2009 letter describing the terms of Officer Hubacz's WPD employment is attached hereto as **Exhibit A**.

10.     Officer Hubacz became a full-time WPD Officer in May 2009.

11.     Upon information and belief, on or about September 5, 2011, Washington County State's Attorney Thomas Kelly ("Mr. Kelly") sent a letter to WPD Chief Joby Feccia ("Chief Feccia") announcing Mr. Kelly's unilateral decision to no longer accept new cases from Officer Hubacz for prosecution.

12.     October 1, 2011 was Officer Hubacz's last day in uniform for the WPD.

13.     Officer Hubacz was on voluntary unpaid administrative leave from October 1, 2011 through January 8, 2012.

14.     On January 9, 2012, Village Manager William Shepeluk ("Mr. Shepeluk") sent Officer Hubacz a two-page letter with the reference line, "Notice of Placement on Paid Administrative Leave; Notice of Charges and Recommendation for Termination; Notice of Hearing Pursuant to 24 V.S.A. §1932, et seq."

15.    A copy of Mr. Shepeluk's January 9, 2012 letter to Officer Hubacz (the "Notice of Charges") is attached hereto as **Exhibit B**.

16.    The Notice of Charges stated in part that: "Effective today, January 9, 2012, I have placed you on paid administrative leave.  The Village Trustees may decide to suspend you, without pay, when they next meet on January 11, 2012.  I will inform you of any decision the Trustees make in that regard."

17.    The Notice of Charges went on to state as follows:

The Police Chief and I are recommending that the Trustees terminate your employment as a police officer.  My recommendation is based on the decision of the Washington County State's Attorney, Thomas Kelly, not to accept new cases from you for prosecution.  In light of that decision we conclude that you can no longer function effectively as a police officer for the Village of Waterbury.  I understand that SA Kelly informed you personally of his decision not to accept new cases from you some time ago, when he declined to accept a DLS case you attempted to file.

18.    The Notice of Charges continued as follows:

The Village Trustees will consider my recommendation at a meeting to be held in a room at the Thatcher Brook Primary School on January 19, 2012, beginning at 7:00 p.m.  You have a right to attend the hearing, with counsel of your choice and provided at your own expense, and to be heard on the charge and/or the recommendation that your employment be terminated.  Attorney [Scott] Cameron will represent the Village; attorney Dan Richardson will advise the Trustees....

Following the hearing the Trustees will decide, by majority vote, whether the charges are proved and if so, what the penalty should be, up to and including termination of your employment....

19.    The Notice of Charges stated at the top of page one that the hearing would be conducted pursuant to 24 V.S.A. § 1932.

20.    Section 1932 states in pertinent part as follows:

Whenever it appears to the appointing authority by its own knowledge or when informed by a written petition signed by one or more responsible persons that any regular officer has become <u>negligent or derelict in the officer's official duty, or is guilty of conduct unbecoming an officer</u>, the appointing authority shall set a date for a hearing before the legislative body upon the complaint, and shall give at

3

least seven and not more than 15 days written notice to the accused officer stating particularly the complainant, the charges against the officer and the time and place of hearing. The legislative body may suspend such officer from duty pending a hearing.

24 V.S.A. § 1932(a) (emphasis added).

21. Section 1932(d) states in part that: "If the legislative body … finds after considering all the evidence offered in such hearing, that the officer is guilty of the charges as offered, the legislative body shall have the power by majority vote to remove the officer or to suspend him or her without pay for a period of time not to exceed 60 days." 24 V.S.A. § 1932(d) (emphasis added).

22. The Notice of Charges did not state that Officer Hubacz had been "negligent or derelict" in his official duty, or that he had engaged in "conduct unbecoming an officer."

23. The sole 'charge' stated in the Notice of Charges was that Mr. Kelly decided not to accept new cases from Officer Hubacz.

24. According to the Notice of Charges, Officer Hubacz could "no longer function effectively as a police officer for the Village of Waterbury" solely because of Mr. Kelly's decision to no longer prosecute his cases.

25. The Notice of Charges did not mention Mr. Kelly's reason(s), if any, for his decision to no longer prosecute Officer Hubacz's cases.

26. By mutual agreement of counsel, the Section 1932 hearing (the "Section 1932 Hearing") was re-scheduled for Tuesday, January 24, 2012 at the Waterbury Center Fire Department building.

27. In a January 20, 2012 email message to the attorneys for Officer Hubacz and Mr. Shepeluk, the Trustees' counsel, Daniel P. Richardson, Esq., confirmed that he "expect[s] the hearing to focus on the question of removal under 24 V.S.A. § 1932 based, as stated in the

4

charge letter, on the fact that [Mr. Kelly] has made a decision not to prosecute any of [Officer Hubacz's] cases and would anticipate the presentations from both sides to be ultimately directed at that question."

28.     In short, the Trustees and Mr. Shepeluk agreed that the only statute pursuant to which Mr. Shepeluk was seeking Officer Hubacz's termination was 24 V.S.A. § 1932.

29.     The Section 1932 Hearing took place on Tuesday evening, January 24, 2012 at the Waterbury Center Fire Department building.

30.     At the Section 1932 Hearing, Mr. Shepeluk and Chief Feccia testified on direct examination by their counsel, J. Scott Cameron, Esq., that they believed Officer Hubacz could not fully perform his current duties because Mr. Kelly would not prosecute his cases.

31.     On cross-examination, Mr. Shepeluk and Chief Feccia testified that Officer Hubacz was a good police officer and that they would not have sought his dismissal but for Mr. Kelly's decision to not accept new cases from him.

32.     On cross-examination, Mr. Shepeluk and Chief Feccia testified that Mr. Kelly's decision to not accept new cases from Officer Hubacz was the sole reason why they were seeking his dismissal.

33.     No evidence was presented at the Section 1932 Hearing of Mr. Kelly's reason(s), if any, for his decision to not accept new cases from Officer Hubacz.

34.     After the conclusion of witness testimony, Officer Hubacz's counsel hand-filed an eight-page Motion to Dismiss dated January 24, 2012 (the "Motion to Dismiss"). A copy of the Motion to Dismiss is attached hereto as **Exhibit C**.

35.     Officer Hubacz argued in the Motion to Dismiss that the Notice of Charges should be dismissed because, inter alia, it failed to allege Officer Hubacz had become negligent

5

or derelict in his official duty, or that he was guilty of conduct unbecoming an officer. See id. at 2-3.

36.    The Trustees went into executive session following oral argument on the Motion to Dismiss.

37.    The Trustees returned approximately 20 minutes later and announced that they would take the matter under advisement and render a decision at a future date.

38.    Three days later, on January 27, 2012, the Village Trustees issued a 13-page decision terminating Officer Hubacz's employment (the "Village Decision"). A copy of the Village Decision is attached hereto as **Exhibit D**.

39.    The Village Decision begins with the following heading: "FINDINGS AND CONCLUSIONS AND DECISION REGARDING REQUEST UNDER 24 V.S.A. § 1932 TO TERMINATE EMPLOYMENT."

40.    The Village relied on the fact that Mr. Kelly was no longer accepting new cases from Officer Hubacz as a means to justify findings against Officer Hubacz of negligence, dereliction of duty and conduct unbecoming an officer.

41.    However, no evidence was presented at the January 24, 2012 hearing indicating or even suggesting that Officer Hubacz was guilty of negligence, dereliction of duty or conduct unbecoming an officer.

42.    And as the Trustees acknowledged, "the reasons behind State's Attorney Kelly's decision [to no longer prosecute Officer Hubacz's cases] were not presented...." Village Decision, at 9 (emphasis added).

43.    Nevertheless, the Trustees held that:

Under Vermont law, Section 1932 is the only mechanism for a town or village to dismiss a police officer who cannot function but will not resign. It would be absurd and contrary to the statute's intent to interpret Section 1932 to only allow

6

dismissal for willful misconduct or the higher standard advocated by Officer Hubacz.

Village Decision, at 9-10 (emphasis added).

44.     On February 27, 2012, pursuant to Rule 75 of the Vermont Rules of Civil Procedure ("Rule 75" or "VRCP 75") Officer Hubacz appealed the Village Decision to the United States District Court for the District of Vermont (the "Rule 75 Appeal").

45.     On September 5, 2013, the Village moved for summary judgment on Officer Hubacz's Rule 75 Appeal.

46.     On October 15, 2013, Officer Hubacz cross-moved for summary judgment on his Rule 75 Appeal.

47.     On April 15, 2014, United States District Judge William K. Sessions III issued an Opinion and Order denying the Village's summary judgment Motion and granting Officer Hubacz's Cross-Motion on his Rule 75 Appeal. See Hubacz v. Village of Waterbury, Vt., No. 2:12-cv-39, 2014 U.S. Dist. LEXIS 52131 (D. Vt. Apr. 15, 2014) (hereafter cited as "Hubacz"). (A copy of the Lexis version of Hubacz is attached hereto as **Exhibit E**. The citations herein to specific pages in Hubacz are to the Lexis version.)

48.     Judge Sessions explained in Hubacz that: "The Trustees made no findings of specific misconduct. Indeed, their ruling was based entirely upon [Mr.] Kelly's decision, and the impact of that decision upon [Officer] Hubacz's ability to carry out his functions as a police officer." Hubacz, at *17.

49.     Judge Sessions observed that: "Rather than finding specific misconduct, the Trustees concluded that [Officer] Hubacz was unable to perform his job. This inability, they reasoned, constituted dereliction and conduct unbecoming an officer." Hubacz, at *20.

7

50.     Judge Sessions went on to hold that: "Section 1932, however, entitled 'Negligence of officer; suspension; hearing,' clearly contemplates officer misconduct. Instead of reviewing the officer's actions, the Trustees considered the actions of a third party that impacted the officer. Nothing in Section 1932 suggests that such third-party conduct is a valid basis for termination under its terms." Hubacz, at *20-*21 (emphasis in the original).

51.     Judge Sessions described the Trustees' holding as follows: Officer Hubacz "had to be terminated because he suffered from a legal disability: the inability to do his job." Hubacz, at *21.

52.     But the Village "proceeded under Section 1932(a), which sets forth no provision for disabilities. Had the Vermont Legislature intended to include inability, incapacity, or any other form of disability as grounds for termination under Section 1932(a), it would have done so." Hubacz, at *21 (citing cases).

53.     In granting Officer Hubacz's Cross-Motion and denying the Village's Motion, Judge Sessions held that:

> The Village seeks to carry Section 1932(a) beyond its plain language in an effort to encompass the facts of this case, urging the Court not only to read the statute broadly, but also to assume misconduct. A fair reading of the statute, as well as Vermont Supreme Court precedent, counsels otherwise. The Court therefore finds that the Trustees' factual findings did not support their ruling under Section 1932 and that Hubacz is entitled to judgment as a matter of law on his Rule 75 challenge.

Hubacz, at *22 (emphasis added).

54.     In overturning the Village Decision and remanding the matter to the Trustees, Judge Sessions stated in dicta that: "Any questions with respect to compensation may be presented to the Village Trustees for their consideration. The Court offers no opinion with respect to Hubacz's legal entitlement to back pay, damages, or attorney's fees." Hubacz, at *23 n.4.

8

55.     On April 18, 2014, Officer Hubacz, though his counsel, sent a letter to the Village's counsel in the Hubacz case, John T. Leddy, Esq., as well counsel for the Trustees at the Section 1932 Hearing, Daniel P. Richardson, Esq., demanding, inter alia, immediate reinstatement to the WPD. A copy of Daniel A. Seff, Esq.'s April 18, 2014 letter to Messrs. Leddy and Richardson (the "April 18th Letter") is attached hereto as **Exhibit F**.

56.     The April 18th Letter stated in part that: "Officer Hubacz is entitled to immediate reinstatement to the Village of Waterbury Police Department." Id. at 2.

57.     In the same April 18th Letter, Officer Hubacz's counsel asked Messrs. Leddy and Richardson to "please advise the undersigned by letter when Officer Hubacz should report for fulltime duty to the WPD." Id. at 3.

58.     In the same April 18th Letter, Officer Hubacz's counsel also demanded "payment of all the wages and benefits [Officer Hubacz] was denied during the period of January 27, 2012 to the present, including all raises to which he was entitled during that time (collectively, the 'Owed Wages')." Id. at 2.

59.     Officer Hubacz's counsel asked the Village and the Trustees' counsel to "please consider this [April 18, 2014] letter as a formal request for Officer Hubacz's immediate and fulltime reinstatement to the WPD as well as for full payment of all Owed Wages, without regard to any monies Officer Hubacz may have earned during the period of January 27, 2012 to the present." Id. at 2-3 (citing case law).

60.     Officer Hubacz's counsel noted in the April 18th Letter that "the Owed Wages became due no later than the Court's issuance of its April 15, 2014 Opinion and Order," and that, "[p]ursuant to 21 V.S.A. § 342(a), the Village must pay Officer Hubacz the Owed Wages in a timely fashion." Exhibit F hereto, at 3.

61.     Officer Hubacz's counsel concluded the April 18th Letter as follows:

[P]lease advise the undersigned by letter when Officer Hubacz should report for fulltime duty to the WPD. In addition, please advise the undersigned by letter: (A) the amount of the Owed Wages as calculated by the Village; and (B) how the Owed Wages were calculated. Finally, kindly remit a check to the undersigned, made payable to Adam Hubacz, for the full amount of the Owed Wages within the time period mandated by 21 V.S.A. § 342(a). Please note that Officer Hubacz reserves the right to question and/or challenge the Village's Owed Wages calculation.

Thank you in advance for your anticipated cooperation. In the meantime, Officer Hubacz reserves all rights and remedies.

Exhibit F hereto, at 3.

62.     To date, Officer Hubacz has not been reinstated to his WPD position.

63.     To date, Officer Hubacz has not received payment of the wages and benefits he was denied during the period of January 27, 2012 to the present, including all raises to which he was entitled during that time.

## CAUSES OF ACTION

### COUNT I

### Forfeiture of Wages
### (21 V.S.A. § 347)

64.     Officer Hubacz repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

65.     Officer Hubacz is an "employee" as the term is defined in 21 V.S.A. § 341(1).

66.     The Village of Waterbury is an "employer" as the term is defined in 21 V.S.A. § 341(2).

67.     The Village of Waterbury pays Officer Hubacz "wages" as the term is defined in 21 V.S.A. § 341(5).

68.     In Vermont, police officers "shall hold office during good behavior unless sooner removed for cause." 24 V.S.A. § 1931(a).

69.     In the light of the Court's April 15, 2014 Opinion and Order in <u>Hubacz</u>, there was, as a matter of law, no cause for Officer Hubacz's January 27, 2012 removal.

70.     Hence, as per 24 V.S.A. § 1931(a), Officer Hubacz still holds his office as a WPD police officer.

71.     In short, because the Village's attempted removal of Officer Hubacz failed as a matter of law, he never lost title to his WPD office and has never been removed.

72.     A Vermont police officer – such as Officer Hubacz – is entitled to recover his unpaid wages after a municipality's failed attempt to remove him.

73.     Such recovery is not subject to an offset for the police officer's earnings from other employment received during the period when he was prevented, through no fault of his own, from performing the duties of his office.

74.     Prior to going on voluntary unpaid administrative leave on October 1, 2011, Officer Hubacz worked 40 hours per week at $16.57 per hour, for an annual base pay of $34,465.60 in wages.

75.     Prior to going on voluntary unpaid administrative leave on October 1, 2011, Officer Hubacz also earned overtime wages at a rate of $24.855 per hour ($16.57 x 1.5).

76.     Prior to going on voluntary unpaid administrative leave on October 1, 2011, Officer Hubacz also earned double overtime wages at $41.425 per hour ($16.57 x 2.5).

77.     Prior to going on voluntary unpaid administrative leave on October 1, 2011, Officer Hubacz also earned $5.12 in wages each time he was on call.

78.     In the nine months he worked for the WPD in 2011 prior to going on voluntary unpaid administrative leave on October 1, 2011, Officer Hubacz earned a total of $33,515.55 in "wages" as the term is defined in 21 V.S.A. § 341(5).

11

88.     The $7,447.90 per month figure does not include any pay raises to which Officer

Hubacz was entitled during the period of January 27, 2012 to the date of final judgment.

89.     Any such pay raises are to be factored into the final judgment, as well.

90.     Moreover, pursuant to 21 V.S.A. § 347 Officer Hubacz is entitled to an award of

costs and reasonable attorney's fees.

## COUNT II

### Failure to Provide Benefits
### (21 V.S.A. § 345(b))

91.     Officer Hubacz repeats and re-alleges each and every allegation set forth above

with the same force and effect as if fully set forth herein.

92.     In Vermont, "any employer who, pursuant to an oral or written employment

agreement, is required to provide benefits to an employee shall be liable to the employee for

actual damages caused by the failure to pay for the benefits…." 21 V.S.A. § 345(b).

93.     The Village of Waterbury is required to provide benefits to Officer Hubacz, as

detailed in a January 27, 2009 letter describing the terms of Officer Hubacz's WPD employment

(Exhibit A hereto).

94.     These benefits include: health insurance; participation in the Vermont Municipal

Employees Retirement System (including an employer matching contribution); life insurance;

disability insurance; long-term care insurance; a flexible spending account; paid vacation; paid

sick leave; and a deferred compensation plan.

95.     The Village has failed to provide these benefits to Officer Hubacz from January

27, 2012 to the present.

13

96.    As a result of the Village's failure to provide benefits to Officer Hubacz during the period of January 27, 2012 through and including the date of final judgment in this case, Officer Hubacz has suffered actual damages in an amount to be determined at trial.

## COUNT III

### Declaratory Judgment and/or Permanent Injunction
### (12 V.S.A. § 4711 et seq.)

97.    Officer Hubacz repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

98.    In Vermont, "Superior Courts within their jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed...." 12 V.S.A. § 4711.

99.    An action or proceeding "shall not be open to objection on the ground that a declaratory judgment or decree is prayed for." Id.

100.    The declaration "may be either affirmative or negative in form and effect. Such declarations shall have the force and effect of a final judgment or decree." Id.

101.    The Vermont Declaratory Judgments Act, 12 V.S.A. §§ 4711 et seq., permits coupling claims for injunctive relief along with prayers for a declaratory judgment.

102.    On April 15, 2014, the Hubacz Court held that Officer Hubacz's January 27, 2012 termination pursuant to 24 V.S.A. § 1932 was invalid.

103.    Judge Sessions held that "additional facts regarding [Officer] Hubacz's conduct [would be] required to satisfy the Section 1932(a) standard" for removal from office. Hubacz, at *22.

104.    Any such alleged "additional facts" are not mentioned in the January 9, 2012 Notice of Charges pursuant to which the Village attempted to remove Officer Hubacz.

14

105.     Accordingly, such alleged "additional facts," if any, would need to be the subject of an entirely new notice of charges, as § 1932 requires that the notice state "particularly the complainant, the charges against the officer and the time and place of the hearing." 24 V.S.A. § 1932(a) (emphasis added).

106.     The Village Trustees held correctly in the Village Decision (at page 9) that 24 V.S.A. § 1932 is the only provision by which Officer Hubacz could be terminated.

107.     Section 1931 states in part that police officers "shall hold office during good behavior, unless sooner removed for cause...." 24 V.S.A. § 1931(a).

108.     Section 1931 is nowhere mentioned in the Notice of Charges or the Village Decision.

109.     In stark contrast to § 1932, there are no notice or hearing provisions in § 1931.

110.     In Title 24 of the Vermont Statutes Annotated, § 1932 appears as a dashed indent below § 1931 (see the 2005 Replacement Edition at page 237), which further reflects the fact that § 1932 is the statutory hearing provision that governs in § 1931 'for cause' discipline cases (barring a proper municipal charter-based opt-out of § 1932 pursuant to 24 V.S.A. § 1934, as explained below).

111.     If § 1931 could be read to stand on its own then there would be no need for § 1932.

112.     And yet, § 1932 contains the only notice-and-hearing provisions in Chapter 55 of Title 24.

113.     In short, § 1931 is not a stand-alone police officer termination statute, and any interpretation otherwise would render § 1932 surplusage, a disfavored result under Vermont law.

15

114.    A municipality cannot opt out of § 1932 "unless [the] municipality has charter provisions providing for tenure of police officers during good behavior with removal only after a hearing and for cause." 24 V.S.A. § 1934.

115.    The Village of Waterbury does not have municipal charter provisions providing for tenure of police officers during good behavior with removal only after a hearing and for cause.

116.    The Village of Waterbury does not have municipal charter-based personnel rules promulgated pursuant to 24 V.S.A. §§ 1121-22 providing for tenure of police officers during good behavior with removal only after a hearing and for cause.

117.    In light of the Hubacz decision overturning Officer Hubacz's January 27, 2012 removal, as well as the statutory mandate that police officers "shall hold office during good behavior, unless sooner removed for cause," 24 V.S.A. § 1931(a), the Village should have reinstated Officer Hubacz as a fulltime Police Officer of the WPD, with all the wages and benefits to which he is entitled.

118.    On April 18, 2014, Officer Hubacz – who is neither physically nor mentally disabled – demanded reinstatement as a fulltime Police Officer of the WPD (see Exhibit F hereto).

119.    To date, Officer Hubacz has not been reinstated to his WPD position.

120.    Accordingly, there is currently an actual controversy of sufficient immediacy and concreteness between Officer Hubacz and the Village of Waterbury such that a declaratory judgment is appropriate.

121.    In light of the foregoing, Officer seeks a declaratory judgment and/or permanent injunction ordering his immediate reinstatement as a fulltime Police Officer of the WPD, with all the wages and benefits to which he is entitled.

122.    In light of the foregoing, Officer also seeks a declaratory judgment and/or permanent injunction ordering that any further disciplinary proceedings against him by the Village of Waterbury be brought as new charges pursuant to 24 V.S.A. § 1932.

WHEREFORE, Plaintiff Adam Hubacz requests respectfully that this Court enter judgment in his favor and against Defendant the Village of Waterbury, Vermont, awarding him:

A)    On Count I, wages in an amount to be determined at trial and that is not less than $7,447.90 per month for the period of January 27, 2012 to the date of final judgment;

B)    On Count I, attorney's fees and costs in amounts to be determined;

C)    On Count II, actual damages caused by the Village's failure to provide benefits for the period of January 27, 2012 to the date of final judgment, in an amount to be determined at trial;

D)    On Count III, a declaratory judgment and/or permanent injunction ordering Plaintiff's immediate reinstatement as a fulltime Police Officer of the WPD, with all the wages and benefits to which he is entitled;

E)    On Count III, a declaratory judgment and/or permanent injunction ordering that any further disciplinary proceedings against Plaintiff by the Village be brought as new charges pursuant to 24 V.S.A. § 1932.

F)    Pre-judgment interest on all sums awarded;

G)    Post-judgment interest on all sums awarded; and

H)    Any other relief that the Court deems just and appropriate.

17

Respectfully submitted,

DATED: May 14, 2014
Burlington, Vermont

BURAK ANDERSON & MELLONI, PLC

Daniel A. Seff
30 Main Street, Suite 210
P.O. Box 787
Burlington, VT  05402-0787
Phone: (802) 862-0500
Fax: (802) 862-8176
Email: dseff@vtlaw1.com

*Counsel for Plaintiff Adam Hubacz*

18