UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ADAM HUBACZ,                              :
                                          :
          Plaintiff,                      :
                                          :
          v.                              :    Case No. 2:14-cv-134
                                          :
THE VILLAGE OF WATERBURY,                 :
VERMONT AND WILLIAM SHEPELUK,             :
                                          :
          Defendants.                     :

**OPINION AND ORDER**

Plaintiff Adam Hubacz initially filed this case in state
court, seeking unpaid wages and other relief with respect to his
past employment as a police officer in the Waterbury Police
Department.  His pleadings assert purely state law causes of
action.  Defendants have removed the case here, arguing that
Hubacz's claims require interpretation of this Court's rulings in
a related case and therefore involve "an embedded federal issue."
Hubacz has moved to remand.  For the reasons set forth below,
Hubacz's motion to remand is GRANTED, and this case is REMANDED
to the Vermont Superior Court.

**Factual and Procedural Background**

As alleged in the First Amended Complaint, Hubacz was first
employed as an officer in the Waterbury Police Department in
February 2009.  In January 2012, he was placed on administrative
leave and, after notice and a hearing, terminated pursuant to Vt.
Stat. Ann Tit. 24, § 1932 ("Section 1932").  The stated basis for

the termination was the decision of the Washington County State's Attorney to cease prosecuting Hubacz's cases.

In February 2012, Hubacz commenced an action in this Court asserting, *inter alia*, a federal procedural due process claim and a claim for reversal of the termination decision. The latter claim was construed as an appeal under Rule 75 of the Vermont Rules of Civil Procedure. The Rule 75 claim alleged that the Village of Waterbury Trustees had failed to comply with Section 1932's procedural and substantive requirements. Regarding substance, Hubacz argued that the Village Trustees failed to provide evidence of negligence, dereliction of duty, or conduct unbecoming an officer as required by the statute.

On April 15, 2014, this Court granted the Village's motion for summary judgment on Hubacz's procedural due process claim and granted Hubacz's motion for summary judgment on his Rule 75 appeal. Asserting supplemental jurisdiction over the Rule 75 claim, the Court found that the Village "Trustees' factual findings did not support their ruling under Section 1932," and remanded the case to the Trustees for further proceedings. *Hubacz v. Vill. of Waterbury*, No. 2:12-cv-39, 2014 WL 1493981, at *8 (D. Vt. Apr. 15, 2014) ("*Hubacz I*"). The Court also invited the Village Trustees to reconsider whether recourse for firing a police officer was limited to Section 1932, citing *Gadue v. Village of Essex Junction*, 336 A.2d 182 (1975) and its

2

application of Vt. Stat. Ann. tit. 24, § 1931.  *Id.*  The Court
explicitly offered "no opinion with respect to Hubacz's legal
entitlement to back pay, damages, or attorney's fees."  *Id.* at *9
n.4.  The Court entered a final judgment in the case, and the
parties did not appeal the Court's ruling.

    The Court's ruling in *Hubacz I* clearly contemplated
additional proceedings before the Village Trustees consistent
with the Court's findings and conclusions of law.  The Court did
not intend for its ruling to be used as a basis for Hubacz to
claim a right to immediate reinstatement as an active duty police
officer, or to otherwise alter the *status quo* that existed prior
the Village Trustees' initial ruling.  Rather than retain
jurisdiction until the conclusion of the remanded proceedings,
and with the full expectation that the intent of its ruling would
be carried out, the Court issued final judgment and extinguished
its federal jurisdiction.

    On May 15, 2014, Hubacz filed a Complaint in the Washington
Unit of the Vermont Superior Court.  The Complaint alleged that
Hubacz is entitled to unpaid wages and the value of other
benefits dating back to the date of his termination.  The
Complaint also asked the state court to order (1) Hubacz's
reinstatement as a police officer in the Waterbury Police
Department, and (2) that any further disciplinary proceedings be
brought pursuant Section 1932.  All claims in the Complaint were

brought under state law.

Hubacz subsequently amended his Complaint, adding a claim of illegal retaliation and requesting additional mandamus, declaratory, and/or injunctive relief. The "Factual Background" section of the Amended Complaint includes references to the Rule 75 appeal in *Hubacz I*, and this Court's remand to the Village Trustees. Like the original Complaint, all claims in the First Amended Complaint are brought under state law.

Hubacz's First Amended Complaint responds in part to the revised Notice of Charges issued by the Village Manager on May 23, 2014. That Notice concluded that "there is just cause under 24 VSA § 1931 to recommend that the Village Trustees terminate [Hubacz's] employment." ECF No. 7-8 at 1. As in his original Complaint, Hubacz contends that pursuant to Vermont law the Village cannot proceed under Section 1931. The Village Manager has since issued a revised Notice of Charges, dated June 20, 2014, explaining that in addition to recommending termination under Section 1931, he will recommend removal for specific acts of misconduct under Section 1932. Hubacz disputes whether such alleged misconduct may be either raised or admitted at a hearing before the Village Trustees.

On June 30, 2014, Defendants removed the case to this Court. The Notice of Removal asserts that Hubacz's Amended Complaint

> seeks to collaterally attack this Court's holding in
> [*Hubacz I*] as well as this Court's judgment remanding

4

> this case to the Village Trustees. . . .  The First
> Amended Complaint references, misrepresents, and
> misconstrues [*Hubacz I*], taking the position that he
> has already won the right to reinstatement, back pay,
> and other monetary damages regardless of whatever the
> Village Trustees might decide on remand.

ECF No. 1 at 4.  Defendants thus contend that "all of the various state-law claims asserted in the First Amended Complaint are founded upon Plaintiff's misrepresentation and misconstruction of [*Hubacz I*], an embedded federal issue that lies at the heart of every one of his claims."  *Id.* at 4-5.  Defendants also submit that *Hubacz I* constitutes the law of the case, and that principles of federal common law and federalism require the assertion of federal question jurisdiction.

Several motions are now pending before the Court, including Defendants' motion to dismiss for failure to exhaust administrative remedies and Hubacz's motion to remand the case to state court.  Because subject matter jurisdiction is a threshold issue, the Court must first address the question of whether this case was properly removed.  *See Macro v. Independent Health Ass'n, Inc.*, 180 F. Supp. 2d 427, 431 (W.D.N.Y. 2001) ("[W]hen an action is removed from state court, the district court first must determine whether it has subject matter jurisdiction over the claims before considering the merits of a motion to dismiss . . . .").  "If removal was inappropriate, the court must remand for lack of subject matter jurisdiction, notwithstanding the pendency of the other motions."  *Id.*

**Discussion**

**I.  Motion to Remand**

Under the federal removal statute, 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Thus, a claim may only be removed to federal court if it could have been filed in federal court originally.  *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 485 (2d Cir. 1998).  "[F]ederal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000).

Once a case has been removed, it must be remanded "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'"  *Shapiro v. Logistec USA Inc.*, 412 F.3d 307, 310 (2d Cir. 2005) (quoting 28 U.S.C. § 1447(c)).  "Where, as here, jurisdiction is asserted by a defendant in a removal petition, the defendant bears the burden of establishing that removal is proper."  *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).  If there are any

doubts as to removability, they are resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of the states." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (citation omitted).

In this case, the Complaint does not assert any claims under federal law.  The Second Circuit recently noted that "three situations exist in which a complaint that does not allege a federal cause of action may nonetheless 'aris[e] under' federal law for purposes of subject matter jurisdiction": (1) Congress expressly provides for removal of state law claims (for example, claims of liability relating to nuclear accidents may be removed pursuant to the Price-Anderson Act), (2) the state law claims are completely preempted by federal law, or (3) "in certain cases if the vindication of a state law right necessarily turns on a question of federal law." *Farcasse v. People's United Bank*, 747 F.3d 141, 144 (2d Cir. 2014).  The third exception must involve an issue that is significant not just "to the particular parties in the immediate suit," but "to the federal system as a whole." *Gunn v. Minton*, 133 S. Ct. 1059, 1066 (2013).

None of these three exceptions applies here.  Defendants cite no express removal provision, no preemption issue, and no question of law that would be important "to the federal system as a whole." *Id.*  Instead, Defendants contend that a ruling by this

Court, which in relevant part determined matters of *state law* under Section 1932 and Rule 75, will need to be interpreted by the state courts.  While the instant case and *Hubacz I* may be factually related, that relationship does not establish the sort of federal question that would warrant the assertion of subject matter jurisdiction by this Court.

Defendants argue for removal under *Grable & Sonsmetal Product, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), which acknowledged the power of a federal court "to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues."  *Grable*, 545 U.S. at 311.  In an effort to "outlin[e] the contours of this slim category," the Supreme Court has identified four requirements for federal jurisdiction under the so-called "*Grable* Exception": (1) a federal issue is necessarily raised, (2) that issue is actually disputed, (3) the federal issue is substantial, and (4) the issue is capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  *See Gunn*, 133 S. Ct. at 1065.  "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting

8

Congress's intended division of labor between state and federal courts."  *Id.* (quoting *Grable*, 545 U.S. at 313-14).

In *Grable*, the Internal Revenue Service seized property from the plaintiff and sold it to satisfy a federal tax delinquency. 545 U.S. at 310-11.  The plaintiff subsequently filed a state law quiet title action against the third party that had purchased the property, claiming that the seizure and sale were invalid because the IRS had failed to comply with certain federally-imposed notice requirements.  *Id.*  Concluding that the case presented a substantial federal issue, the Supreme Court "focused not on the interests of the litigants themselves, but rather on the broader significance of the notice question for the Federal Government." *Gunn*, 133 S. Ct. at 1066.  "The Government's 'direct interest in the availability of a federal forum to vindicate its own administrative action' made the question 'an important issue of federal law that sensibly belong[ed] in a federal court.'"  *Id.* (quoting *Grable*, 545 U.S. at 315).

Unlike *Grable*, Hubacz's claims do not reveal significant issues of federal law.  While *Grable* involved the actions of a federal agency acting under federal law, this case centers upon the actions of a Vermont municipality acting under state law.  To the extent that this case carries any "broader significance," that significance is limited to interpretations of state statutes and state procedural rules.  *Id.*  Simply put, there is no

9

"important issue of federal law that sensibly belongs in a federal court." *Grable*, 545 U.S. at 315.

Applying the four requirements for federal jurisdiction identified in *Gunn*, Defendants have first failed to identify a federal issue. Second, to the extent this Court's past rulings on matters of state law arguably constitute a federal issue, it is not clear that those rulings are actually in dispute. The Court found that under Section 1932 the Village had failed to establish sufficient factual support for its actions, and thus remanded the case under the provisions of Rule 75. Neither of those rulings has been challenged. Nor has any party challenged the Court's suggestion, irrespective of its merits, that the Village consider the potential application of Section 1931.

The third requirement identified in *Gunn* is that the federal issue be substantial. Here, even the presence of a true federal issue is questionable. To argue that the issue is significant such that it carries federal import beyond these litigants' interests*, see Gunn,* 133 S. Ct. at 1066, is untenable. Finally, the federal-state balance weighs heavily in favor of the State of Vermont, as it is the State's statutes and procedural rules that are at issue.

Defendants urge the Court to assert jurisdiction in order to protect the integrity of its prior judgment. Defendants also argue that any failure to adhere to the remand order would

violate the federal "mandate rule" and the law of the case doctrine, and that this Court is in the best position to enforce those doctrines.  As discussed above, the Court's limited rulings in *Hubacz I* have not been challenged.  While Hubacz may challenge the application of Section 1931 going forward, or the legality of raising specific acts of misconduct in a future disciplinary hearing, this Court's prior ruling did not address those issues. Furthermore, to the extent further interpretation of state law is required on matters this Court left unresolved, the state courts offer the most appropriate forum for that task.

Defendants' final argument is that Hubacz has asserted objections to recent administrative hearing notices, and that "lurking" within those objections is a Fourteenth Amendment due process claim.  In the prior case, Hubacz brought notice claims under both state and federal law and the Court analyzed each independently.  Hubacz now objects to notice on purely state law grounds, and the Court will not assert subject matter jurisdiction on the basis of an unplead federal claim.

"'[F]ederal courts construe the removal statute narrowly.'" *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991)).  Here, the Court finds that Hubacz's Amended Complaint asserts only state law claims, and Defendants have failed to meet their burden of establishing that removal is

proper.  Hubacz's motion to remand the case to state court is therefore GRANTED.

## II.  Motion for Attorney's Fees and Costs

In conjunction with his motion remand, Hubacz moves the Court to order payment of his attorney's fees and costs incurred as a result of Defendants' removal.  Section 1447(c) of Title 28 "provides that a district court may, in its discretion, 'require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'"  *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 331 (S.D.N.Y. 2007) (quoting 28 U.S.C. § 1447(c)).  "The statute as a whole, particularly the reference that an order remanding the case 'may require payment' of costs and fees, affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees."  *Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992) (internal citation omitted).  The Supreme Court has explained the purpose and proper application of Section 1447(c):

> Congress . . . would not have enacted § 1447(c) if its only concern were avoiding deterrence of proper removals.  Instead, Congress thought fee shifting appropriate in some cases.  The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources.  Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.  The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought

for the purpose of prolonging litigation and imposing
costs on the opposing party, while not undermining
Congress' basic decision to afford defendants a right
to remove as a general matter, when the statutory
criteria are satisfied.

In light of these large objectives, the standard for
awarding fees should turn on the reasonableness of the
removal.  Absent unusual circumstances, courts may
award attorney's fees under § 1447(c) only where the
removing party lacked an objectively reasonable basis
for seeking removal.  Conversely, when an objectively
reasonable basis exists, fees should be denied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005)

(quotation marks and internal citations omitted).

    As an alternative to relief under Section 1447, Hubacz

argues for fees and costs under 28 U.S.C. § 1927.  Sanctions

under Section 1927 may only be imposed "'when there is a finding

of conduct constituting or akin to bad faith.'"  *In re 60 East*

*80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000)

(quoting *Sakon v. Andreo*, 119 F.3d 109, 114 (2d Cir. 1997)).  In

support of his bad faith claim, Hubacz cites Defendants' conduct

over the past several months, including the removal of this case

approximately two weeks before a disciplinary hearing that was

initially scheduled for July 15.[1]  Hubacz claims that the removal

occurred on the eve of his filing a motion for preliminary

injunction in state court, and thus frustrated his efforts to

---

[1] By agreement of the parties, that hearing was rescheduled to
July 29 because of an imminent death in plaintiff's counsel's
immediate family.  At the Court's request, the hearing was again
postponed through at least August 28.

13

obtain immediate relief.

The Court finds that an award of attorney's fees and costs is not warranted under either of the cited statutes.  While the Court does not agree with Defendants that its ruling in *Hubacz I* created an "embedded federal issue" justifying removal, the Court also finds that Defendants' efforts at removal were reasonable. Defendants argue that the current action is an effort to "thwart the implementation of [*Hubacz I*] on remand," ECF No. 1 at 6, and the Court acknowledges the logic of allowing it to preside over this next chapter of what is essentially the same matter.  That said, Hubacz does not currently allege any federal causes of action, and interests of familiarity and judicial economy are insufficient to establish jurisdiction.  *See, e.g., Cap Makers' Union v. Feinstein*, 671 F. Supp. 258, 261 (S.D.N.Y. 1987) ("Although . . . judicial economy would be served by going forward with the case in this forum, the federal district court is powerless to act without jurisdiction.").

Hubacz has also failed to show the sort of conduct requiring sanctions under Section 1927.  While Hubacz questions the timing of Defendants' removal, the sparse record before the Court does not provide sufficient support for a finding of bad faith.  The Court notes that events in this case have moved quickly since the ruling in *Hubacz I*, that the time window for removal is limited by statute (*see* 28 U.S.C. § 1446(b)), and that Defendants have

twice been willing to reschedule the disciplinary hearing. Hubacz's request for attorney's fees and costs under either Section 1447 or Section 1927 is DENIED.

**Conclusion**

For the reasons set forth above, the Court GRANTS Hubacz's motion to remand this case to state court and DENIES his motion for sanctions (ECF No. 16).  Because the Court does not have subject matter jurisdiction, all remaining motions are REMANDED to the state court for further resolution.

Dated at Burlington, in the District of Vermont, this 14rh day of August, 2014.

/s/ William K. Sessions III
William K. Sessions III
United States District Court Judge